SANITARY FIRE PROOFING & CONTRACTING Co., INC., Respondent, *v.* FINKEL UMBRELLA FRAME Co., INC., Appellant.

First Department, April 29, 1921.

**Landlord and tenant — question of fact as to whether extension of lease also extended option therein for renewal.**

It is a question of fact under all the circumstances surrounding the extension of a lease whether it was the intention of the parties thus to extend the right to exercise an option for renewal therein, where by the correspondence between the parties confirming an oral agreement for the extension of the lease, the extension of the right to exercise the option is not clearly indicated.

APPEAL by the defendant, Finkel Umbrella Frame Co., Inc., from an order and determination of the Appellate Term of the Supreme Court, First Judicial Department, entered in the office of the clerk of the Appellate Term on the 24th day of June, 1920, affirming the final order of the Municipal Court of the City of New York, Borough of Manhattan, First District, in summary proceedings, in favor of the plaintiff, upon the verdict of a jury rendered by direction of the court.

*David L. Podell* of counsel [*J. J. Podell* and *Joseph A. Corr* with him on the brief], for the appellant.

*John S. Russell* of counsel [*Davenport & Corner*, attorneys], for the respondent.

SMITH, J.:

The defendant was the tenant of the plaintiff of certain premises described in the petition, used for factory purposes.

Under the lease the original rental was $800 from September 1, 1916, to September 1, 1917; $850 from September 1, 1917, to September 1, 1918. The defendant was given an option to renew the lease for six years and four months from September 1, 1918, to January 1, 1925, for the annual rental of $900 payable monthly in advance, but was required to give notice of its choice to exercise the option on or before June 1, 1918.

In October, 1917, the parties had a conference, wherein it is claimed by the defendant that it was agreed orally that the defendant might remain in possession another year and have the time to exercise the option extended for a year. Plaintiff admitting the extension of the tenancy for a year, denies any agreement to extend the option contained in the lease. The agreement was afterwards put in writing by three letters. In the first, dated September 29, 1917, the defendant wrote: " We would appreciate your confirming our verbal conversation in reference to the extension of our lease for the period of one year." That, it seems, was not answered. On December 28, 1917, the defendant again wrote: " We would appreciate your confirming our conversation with your Mr. Gerard regarding the extension for a period of one or two years, at your convenience, of the lease now held by us, with the same conditions and privileges as stated in this lease." On January 11, 1918, the plaintiff answered: " In answer to your request of letter dated December 28th, 1917, would say your lease can be extended for one year, at same terms and conditions as present lease which you hold with the Sanitary Fire Proofing & Contracting Company." On May 29, 1919, the defendant gave notice that it exercised its option for the full period until the 1st of January, 1925, at $900 a year. In answer to that the plaintiff wrote that the defendant misunderstood the arrangement as to the further option and said: " If you will refer to your letter of September 29th, 1917, you will then see that under clause 3 of the lease, you exercised your option for one year, which was confirmed by us by letter on January 11, 1918. Under the circumstances your tenancy expires on August 31st, 1919."

This correspondence was construed by the Municipal Court as matter of law as not extending the privilege of the option beyond September 1, 1918, although the lease of the premises

was extended. It is pointed out that the lease contained conditions and also contained privileges other than the option privilege. · The request was for a renewal of the lease for one year with the same conditions " and privileges." The answer was the continuation for one year with the " same terms and conditions," but did not say " the same privileges." Under the original lease notice of this option to extend the lease until January 1, 1925, was to have been given before June 1, 1918. The request was for an extension of the lease for one or two years. The extension was for one year under the " same terms and conditions " as existed in the old lease. There is no claim in either oral conversation or written papers that there was any specification as to any other date when notification of an intent to exercise the option should be extended. The evidence of the plaintiff is to the effect that there was no request for that, but that the defendant was contemplating constructing a factory of its own, and only desired an extension of the lease for one or two years in order to get its own factory ready and that there was no contemplation of extending the right to exercise the option to take until January 1, 1925. Whether by these writings the parties agreed that the right to exercise the option shall also be extended to be exercised ' by June 1, 1919, is not clearly indicated. With this ambiguity it became a question of fact under all the circumstances surrounding this extension of the lease, whether it was the intention of the parties thus to extend the right to exercise this option. This question of fact should have been resolved by the jury and not by the court, and the holding of the court that, as matter of law, the right to exercise the option was not extended was unauthorized.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial granted in the Municipal Court, with costs in all courts to appellant to abide the event.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Determination and judgment reversed and new trial ordered, with costs in all courts to appellant to abide event.